**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAAD HASAN,** | : | **CIVIL ACTION NO. 1:05-CV-2082** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Raad Hasan ("Hasan"), presently a detainee of the Bureau of Immigration and Customs Enforcement (BICE), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 12, 2005.  (Doc. 1).  For the reasons set forth below, Hasan's petition will be referred to BICE as a request for review under 8 C.F.R. § 241.13.

**I.    Factual Background**

Hasan, who was born in Kuwait to a Jordanian family, is subject to a final order of removal from the United States dated April 15, 2005.  (Doc. 1, p. 1).  He submits that he is in "deportation limbo" because:  (1) Kuwait does not grant citizenship by birth, (2) he is unable to obtain citizenship since neither of his parents are citizens of Kuwait, and (3) Jordan has declined to issue travel documents to him.  (Doc. 1, p. 2).  He alleges that his prolonged detention in BICE custody violates his constitutional rights because his removal is not reasonably forseeable.  (Doc. 1).  He is seeking immediate release.

**II.     Discussion**

Detention, release, and removal of aliens is cabined by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> > (i) The date the order of removal becomes administratively final.
> >
> > (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> >
> > (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).

8 U.S.C. §1231.  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."  Id. at 701.  If, at the conclusion of the six month period, the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.

Not every alien must be released after six months.  An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

Following Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(I).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

Based upon the fact that the ninety day removal period has expired, it is presumed that Hasan was given a custody review and was denied release.  The passage of time indicates that jurisdiction to make a determination concerning Hasan's custody would now lie with the HQPDU.  There is no indication that Hasan has filed a written request with the HQPDU.  Consequently, BICE will be ordered to treat Hasan's petition as a request for release under 8 C.F.R. §241.13. BICE shall respond to the request within thirty days.

Having referred the matter to the government for disposition under existing review procedures, Hasan's petition will be denied.

AND NOW, this 1st day of November, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 2) is GRANTED for the purpose of the filing of the action only.

2. As of the date of this Order, BICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. BICE shall provide petitioner with a response to his request within thirty days.

3. The Clerk of Court is directed to serve a copy of the petition and this order on respondents and the United States Attorney.

4. The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

5. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge